**Ruve Kanaivalu NAWADRADRA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70000.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 29, 2004.

Amos Lawrence, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Ruve Kanaivalu Nawadradra, a native and citizen of Fiji, petitions for review from the Board of Immigration Appeals' order, summarily affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and deny the petition.

Petitioner contends that she demonstrated a well-founded fear of future persecution based on her membership in the Labor Party. We disagree. Substantial evidence supports the IJ's conclusion that petitioner failed to establish that her mistreatment rose to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995) ("Particularized individual persecution, not merely conditions of discrimination in the country of origin, must be shown before asylum will be granted."). Moreover, the evidence in the record does not compel the finding that any mistreatment petitioner suffered, or might possibly suffer, is on account of her political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997).

To the extent that petitioner contends she is entitled to withholding of removal, we disagree. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) (noting that by failing to qualify for asylum, an applicant necessarily fails to qualify for withholding of deportation).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

